89 F.3d 826
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Hedy RANISH, Plaintiff-Appellant,
Phil RANISH, Plaintiff,
v.
DELTA AIR LINES, INC., Defendant-Appellee.
 No. 95-7392.
 United States Court of Appeals, Second Circuit.
 Nov. 21, 1995.
 
 1
 Appeal from the United States District Court for the Southern District of New York (Loretta A. Preska, Judge).
 
 
 2
 APPEARING FOR APPELLANT: HAROLD SAMUEL HERMAN, Herman & Kramer, New York, New York.
 
 
 3
 APPEARING FOR APPELLEE: JAMES A. GALLAGHER, JR., Gallagher Gosseen & Faller, Garden City, New York.
 
 
 4
 S.D.N.Y.
 
 
 5
 AFFIRMED.
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 7
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 8
 1. Plaintiff-appellant Hedy Ranish appeals from a judgment in favor of defendant-appellee Delta Air Lines, Inc. ("Delta") entered March 24, 1995 in the United States District Court for the Southern District of New York after a jury trial. Ranish contends that a number of trial rulings and jury instructions by the district court were erroneous, and seeks a reversal and remand for a new trial.
 
 
 9
 2. On November 19, 1991, Ranish caught her right foot in a gutter on the side of a jetway as she left an airplane at LaGuardia Airport that was operated by Delta. Ranish fell and suffered injuries. She initiated the present personal injury action in the New York State Supreme Court, New York County. The action was removed to the United States District Court for the Southern District of New York on April 3, 1992, and a jury trial commenced on February 27, 1995. On March 3, the jury found that Delta was not negligent, and the district court entered a judgment on March 24 dismissing Ranish's complaint.
 
 
 10
 3. Ranish argues that the district court erred by permitting Delta's examining physician to testify as to the reports of other doctors. Judge Preska allowed Dr. Robert Richman to testify as to medical records that contained information about Ranish's physical condition prior to the accident, notwithstanding Richman's concession that he had not based his original opinions on those reports. Judge Preska found that "the doctor's opinion expressed on the stand was based in part on the various other doctors' records," and admitted the testimony pursuant to Federal Rule of Evidence 703, which provides:
 
 
 11
 The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.
 
 
 12
 4. While Richman testified that his initial opinion was not influenced by the other doctors' records at issue, he did not state that his opinion at the time of his testimony was similarly uninfluenced by the materials. In the context of his testimony as a whole, the district court's determination that Richman's opinions as of the date of his testimony was based, in part, upon the medical records was not an abuse of discretion. In any event, any error with respect to this testimony would be harmless. See Malek v. Federal Ins. Co., 994 F.2d 49, 55 (2d Cir.1993) ("We only will reverse where the improper admission or exclusion of evidence affects 'a substantial right' of one of the parties."). Dr. Richman's testimony was relevant only to the extent of Ranish's damages, but the jury's finding that Delta was not negligent obviated the need to consider damages. Therefore, the testimony was entirely irrelevant to the outcome of the case, and any error must be deemed harmless.
 
 
 13
 5. Ranish also contends that the district court improperly excluded the testimony of her expert regarding the unsafeness of Delta's jetway. William Marletta was prepared to testify that the configurations, coloring, and patterns of the jetway created an unsafe condition. The district court ruled that this proposed testimony was unnecessary because the jury was able to fully understand those points without the testimony.
 
 
 14
 6. "A trial court's evidentiary rulings are disturbed [only] when 'manifestly erroneous.' " United States v. Forrester, 60 F.3d 52, 59 (2d Cir.1995) (quoting Proteus Books Ltd. v. Cherry Lane Music Co., 873 F.2d 502, 514 (2d Cir.1989)). The Supreme Court has held
 
 
 15
 that expert testimony not only is unnecessary but indeed may properly be excluded in the discretion of the trial judge "if all the primary facts can be accurately and intelligibly described to the jury, and if they, as men of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience, or observation in respect of the subject under investigation."
 
 
 16
 Salem v. United States Lines Co., 370 U.S. 31, 35 (1962) (quoting United States Smelting Co. v. Parry, 166 F. 407, 415 (8th Cir.1909)). In the present case, Marletta's testimony addressed readily observable features of the jetway. The jurors were able to grasp the essential significance of these facts upon a description and viewing of photographic evidence, without the additional aid of expert testimony.
 
 
 17
 7. Ranish also challenges the district court's admission of testimony pertaining to a dearth of prior tort claims against the manufacturer of the jetway involving the gutters. Ranish argues that this testimony "was immaterial because there was no claim against the manufacturer here." This argument is without merit, however, because the testimony was relevant to the allegation of negligent failure to warn and the counterassertion of a lack of notice to Delta prompting a need for a warning. Ranish also claims that the testimony was prejudicial because of the unique circumstances leading to her injury. This is really an argument about relevance, and is accordingly unavailing for the reason already stated.
 
 
 18
 8. The district court charged the jury that:
 
 
 19
 [T]he defendant is under no duty to warn of conditions which, by reasonable use of the senses can be observed. Therefore, if a failure to warn is the only grounds on which you find the defendant liable and if the unsafe condition in the jetway was "open and obvious" to the plaintiff, then you must find for the defendant.
 
 
 20
 Ranish argues that this instruction "should only be given where a plaintiff knew or should reasonably have known of the dangers posed and of the resultant risk." It is difficult to ascertain the difference between the district court's charge and Ranish's proposed formulation. Presumably, the cases where a danger is open and obvious are identical to those where the plaintiff "should reasonably have known of the danger."
 
 
 21
 9. Ranish also argues that the district court should have granted her request for a missing witness charge regarding Brent Pitts. Pitts is a Delta employee who witnessed Ranish's accident. A missing witness charge, which allows the jury to draw an adverse inference from a party's failure to call a witness, is appropriate where "the complaining party ... establish[es] that the missing witness was peculiarly in the power of the other party to produce. This can be shown in two ways: (1) that the witness is physically available only to the opponent; or (2) that the witness has a relationship with the opposing party that practically renders his testimony unavailable to the moving party." Oxman v. WLS-TV, 12 F.3d 652, 661 (7th Cir.1993) (citations omitted). Ranish has failed to meet her burden of establishing the presence of either of these two circumstances. Moreover, Ranish had, but failed to use, a deposition of Pitts. Thus, she could have brought Pitts's testimony before the jury, but chose not to do so.